BRAND *vs.* THE LAWRENCEVILLE BRANCH RAILROAD.

1, 2. This court has held that, when a charter has been obtained, the subscriber contracts with reference to it, and that the number of shares to be subscribed or the whole capital stock necessary to do the contemplated business, constitute an important element in the contract; and if the amount fixed by the charter has not been subscribed, or, having been subscribed, subscriptions have been released, so as to materially reduce the capital stock, without the consent of the subscriber, his subscription could not be enforced against him; and that this principle was applicable to the amount of capital stock fixed in the discretion of the company as a condition of the subscription.

(*a.*) Where some of the subscriptions have been made upon a condition precedent, the plaintiff must show that the conditions have been either complied with or waived, and the burden is on him to prove it.

(*b.*) It was error to charge, in effect, that if $20,000 had been fixed by the authorities of the company as the amount which was sufficient to complete the enterprise, they might thereafter exercise their discretion in relation to the subject, and in exercising it, they might change that amount by taking into consideration the conditional subscriptions.

3. Where no question of fact is involved, the construction of a contract is a question for the court, and should not be left to the jury; but in case there is a question of fact involved, such as the proper reading of an obscurely written word, then the question as to that fact is for the jury. In this case, it was error to submit the construction of the contracts involved to the jury, and it is evident that they misinterpreted them.

January 18, 1887.

Charters. Corporations. Contracts. Stock and Stockholders. Practice in Superior Court. Before Judge BOYNTON. Walton Superior Court. August Term, 1885.

Reported in the decision.

ALEX. S. ERWIN; C. H. BRAND; HENRY D. McDANIEL, for plaintiff in error.

W. E. SIMMONS, for defendant.

HALL, Justice.

This was a suit by the Lawrenceville Branch Railroad Company against Brand to recover the amount of a subscription made by him to the stock of the company. Besides the general issue, the defendant filed several special defences to the action:

First. That he subscribed to the stock upon the condition that the road was to be extended from Lawrenceville to Logansville, where he resided, and after the subscription was made, the company, in violation of the condition and in fraud of his rights reserved under it, entered into a contract with another railroad company, without his knowledge or consent, that this condition should not be complied with, and that the extension contemplated by it should not be made.

Second. That there was a condition in the contract of subscription to the effect that $20,000.00 (twenty thousand dollars), or an amount sufficient, in the discretion of the board of directors and president of the company, to grade the road, build the bridges and to put down cross-ties, should be *bona fide* subscribed before he was liable to be called on for his subscription, which condition has never been complied with; and further, that the company was compelled to enter into a contract with a responsible party to furnish and place iron on the track and equip the road ready for operation before he was liable to pay his subscription; and that this condition of the contract was not complied with before he was called upon for his subscription.

Under the testimony and charge of the court, a verdict was found for the plaintiff for the amount of the subscription, and thereupon defendant made a motion for new trial, which was overruled upon each and all the grounds therein taken, and to the judgment overruling this motion exceptions were taken; and this makes the issues which we are to determine. The grounds of the motion material to a determination of the case consist in errors assigned on

charges of the court to which exceptions were taken, and which are as follows:

(1.) Because the court erred in charging the jury as follows: "Now I charge you that it is incumbent upon the plaintiff to show, to your reasonable satisfaction, that before assessments were made against the defendant, that $20,000 subscription had been obtained (this would not apply to the 3 per cent. to which your attention has already been called), or an amount of subscription had been obtained, which, in the discretion of the president and directors, was deemed sufficient to grade the road, build bridges and put down the cross-ties ready for the track. If the plaintiff has shown that this was done, then as to this condition the plaintiff would have had the right to make the assessment and call upon defendant to pay his subscription."—The error of this charge, as movant insists, was in ignoring entirely the fact that enough of said subscription to reduce the amount subscribed below twenty thousand dollars was conditional, and that the conditions on which the same had been subscribed were not complied with before the calls were made. Movant further respectfully insists that so much of said charge as instructed the jury that, if an amount, in the discretion of the board of directors, sufficient to grade the road, etc., had been subscribed before the calls were made, that was sufficient, without reference to the fact whether the subscriptions amounted to twenty thousand dollars or not, was error; that the said board having fixed in their meeting and by their resolution $20,000 as the amount necessary, etc., they were bound by it and could not make calls on the defendant for his instalment unless the amount of $20,000 had been unconditionally subscribed before the assessments on defendant were made.

(2.) Because the court erred further in charging as follows: "Touching this matter, the defendant insists that $20,000 *bona fide* unconditional subscription had not been obtained at the time he was called on to pay. As to this,

I charge you that if the contract provided that $20,000 should have been subscribed, and leaving the officers of the company without discretion, then $20,000 of unconditional subscription would have been necessary as a compliance with the provisions of the contract; but as the contract provides that this work might be commenced in the discretion of the officers of the company as to when a sufficient amount had been subscribed, I charge you that if part of the subscription was conditional and part unconditional, yet if the officers of the company, in their discretion, determined that the subscription as made was sufficient to have the work done, as provided in this part of the contract, then having exercised such discretion, if they did so exercise it, they would have a right to make assessments against defendant and demand payment, so far as this condition of the contract was concerned," etc.—The error complained of in this charge consists, in addition to the reasons given above, in the fact that the court ignored entirely the fact that said officers, at a formal meeting of their board, had fixed the sum of $20,000 as necessary to be subscribed in order to begin the work, and were bound by it and could not, after that, exercise any discretion in making calls when a less sum had been unconditionally subscribed.

(3.) Because the court erred in charging the jury as follows: "As to right of plaintiff to recover, defendant further insists that by the terms of his subscription, before he could be required to pay the same, plaintiff was to have entered into a contract with a responsible party, company or corporation, and by the terms of which contract the parties contracting were to obligate themselves to furnish and put down the track and equip said road ready for operation. As to this condition of the contract, whether it has or has not been complied with, plaintiff and defendant are at issue. Should you find from the evidence, looking to all the written and oral evidence in the case, that before the defendant had been called on by as-

sessment to pay his subscription, plaintiff, the railroad company, had entered into a contract with a responsible party to furnish and put down the track and equip the said road for operation, then, as to this condition of the contract, plaintiff would be entitled by assessment to call on defendant to pay his subscription. On the other hand, if, at the time assessments were made, any one or all of them, the railroad company had not entered into a contract with a responsible party to furnish and put down the track and equip the road for operation, then no right of action would accrue to plaintiff to make assessments, demand payment and sue thereupon. In this, as in all other contested matters between plaintiff and defendant, you must be controlled by and decide according to the evidence in the case."—The error in this part of the charge, movant insists, consists in the fact that the court submitted to the jury the construction of the written contracts, instead of construing them himself. The contract of subscription was in writing, and the contracts the plaintiff made with the railroad company for ironing and equipping their road, by which they claimed this condition in the contract of subscription was met, were all in writing, and it was the duty of the court to construe them and declare whether the conditions were met, and not leave it to the jury, as the court did. And further, the movant insists that the jury erred in their construction of said contracts, as evidenced by their verdict.

The charge of the court submitting to the jury the question as to the existence of the conditions upon which defendant's subscription was made as to the extension of the road to Logansville was correct, and was not excepted to. As the evidence upon the point was conflicting, there was no error in refusing the new trial upon that ground, and whether there was error in refusing it upon the general grounds that the verdict was contrary to law and evidence and decidedly and strongly against the weight of evidence, will appear when we come to consider the exceptions to the charges as numbered above.

1, 2. In *Hendrix vs. The Academy of Music*, 73 *Ga.* 437, we held, in accordance: with what was laid down in *The Memphis Branch Railroad Co. vs. Sullivan*, 57 *Ga.* 240, that when a charter had been obtained, the subscriber contracted with reference to it, and that the number of shares to be subscribed, or the whole capital stock necessary to do the contemplated business, constituted an important element in the contract, and if the amounts fixed by the charter had not been subscribed, or, having been subscribed, subscriptions had been released so as to materially reduce the capital stock without the consent of the subscriber, his subscription would not be enforced against him; and that this principle was applicable to the amount of capital stock fixed in the discretion of the company as a condition of the subscription. By the third section of the plaintiff's charter, Acts 1877, p. 240, the capital stock of the company is limited to one hundred thousand dollars and cannot exceed that amount. The entire scope and purpose of this act contemplated *bona fide* unconditional subscriptions, whether those subscriptions were made to be paid in " lands, labor or material," as might be agreed between the company and the person subscribing. *Id.* sec. 4, pp. 240, 241.

There is evidence in this record going to show that, in the judgment of the company, at least $20,000 of subscriptions would be necessary to authorize the building of the road, and there is further evidence, from the minutes of the directors, that there was $27,000 in *bona fide* subscriptions made prior to their undertaking the work, and from this it is to be inferred that that amount was, in their opinion, requisite to complete the enterprise, and to justify them in making a call upon subscribers for other portions of their subscriptions other than the three per cent. they were liable for before the full amount was subscribed, for the purpose of defraying the expense incident to the organization of the company, surveying the route, etc.

The subscription list, which comes up with this record,

shows that there was less, by several thousand dollars, than either of the above specified amounts in unconditional subscriptions, and that at the time the amount of capital stock was fixed, none of the conditions on which subscriptions were made had been fulfilled.

In order to recover from one who subscribed uncondi- tionally, where subscriptions have been made upon a con- dition precedent, "the plaintiff must show that the condi- tions either have been complied with or waived. . . . The burden is on the plaintiff to prove it. We may sup- pose two different subscriptions which are contradictory. It is clear that both conditions cannot be performed, and that both subscribers should not be counted as shareholders." Morawetz on Private Corporations, §279, and citations of cases in note 3. To the same effect, *Id.* §286 *et seq.* See especially *Id.* §295, and citations.

If this be the law, as we think it is, then there was error in charging the jury that, if $20,000 had been fixed by the authorities of the company as the amount which was suffi- cient to complete the enterprise, they might thereafter exercise their discretion in relation to the subject, and in exercising it, they might change that amount by taking into consideration the conditional subscriptions.

What has been said above applies with full force to the charge excepted to in the ground of motion numbered 2.

3. We think there was error in submitting the construc- tion of the written contracts of subscription and those made with the Air-Line Railroad for equipping and ironing their road, by which they claim that this latter contract was a fulfillment of the contract of subscriptions relative to this matter. The extent, meaning and effect of contracts in writing are to be ascertained by the court, and not re- ferred to the jury. "Where no matter of fact is involved, the construction of a contract is a question for the court, but in case there is a fact, such, for instance, as the proper reading of an obscurely written word, then the question as to that fact is for the jury." Code, §2754.

That the jury misinterpreted these contracts when submitted to them under the instructions of the court, and that they misconceived their effect as bearing upon the rights of the parties, is quite evident to our minds.　We do not deem it proper to go into a minute examination of all the facts in this record, as there must necessarily be another hearing of the case ; and as, upon another hearing, it may be shown that the defendant consented to or waived the conditional subscription, as well as the conditions that should have been inserted in the contract entered into between the plaintiff and the Air-Line Railroad for the ironing and equipping of its road. it would be improper to do so.

Judgment reversed.